United States District Court
For the
Northern District of Iowa

| | |
|---|---|
| SHARON A. BORMANN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. |
| ) | |
| COMPREHENSIVE SYSTEMS, INC., ) | COMPLAINT; |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

**COMES NOW** the above-named Plaintiff and in support of her cause of action states the following:

1. The Plaintiff is citizen of Iowa residing at 407 North Center Street, Ionia, Iowa 50645.

2. The Defendant, Comprehensive Systems, Inc., is a domestic non-profit corporation with a principal place of business at 1700 Clark Street, P.O. Box 457, Charles City, Iowa 50616.

3. Jurisdiction arises under 42 U.S.C. §§ 12101 et seq., prohibiting employment discrimination on the basis of a disability.

4. The Defendant is residential and vocational care facility for individuals with special needs operating over six Iowa counties and employing approximately 400 employees.

5. The Plaintiff began employment with the Defendant on or about March 5, 2004 as a direct support staff.

6. On or about July 5, 2010, the Plaintiff was found asleep at work and was terminated from employment.

7. The Plaintiff was rehired on July 7, 2010 to the same position subsequent to her termination.

8. The Plaintiff was terminated from, or suffered adverse employment action, on September 28, 2010, wherein the Plaintiff was placed on an involuntary leave of absence.

1

9.  That the Plaintiff is diagnosed with sleep apnea and narcolepsy and is disabled as defined under 42 U.S.C § 12102 and Iowa Code § 216.2(5).

10. That the sleep apnea and narcolepsy significantly interfere with major life activities and are a disability but is able to perform the essential functions of her position with or without a reasonable accommodation.

11. That the Defendant was made aware of the Plaintiff's medical condition on or about September 17, 2010.

12. The Plaintiff personally requested a reasonable accommodation from her supervisors; the Defendant failed to reasonably accommodate the Plaintiff's disability.

13. The Defendant failed to reasonably discuss a reasonable accommodation.

14. A reasonable accommodation could have been provided by the Defendant without hardship.

15. Subsequent to taking the adverse employment action against the Plaintiff, the Defendant offered the Plaintiff as an accommodation a dietary position within the company that the Plaintiff was qualified for with or without accommodation.

16. The Defendant later withdrew their offer to accommodate the Plaintiff.

17. On or about September 28, 2011, and thereafter, the Defendant knowingly and intentionally took adverse employment action against the Plaintiff on the basis of her disability in violation of 42 U.S.C. §§ 12101 et seq. and Iowa Code §§ 216 et seq.

18. On or about November 12, 2010, the Plaintiff filed a complaint with the Iowa Civil Rights Commission alleging discrimination on the basis of the Plaintiff's disability and failure to provide a reasonable accommodation. The complaint was cross-filed with the United States Equal Employment Opportunity Commission.

19. The Iowa Civil Rights Commission issued an Administrative Release (Letter of Right-To-Sue) on April 21, 2011 which is attached hereto and incorporated herein.

20. The U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue on May 10, 2011 which is attached hereto and incorporated herein.

21. That as a result of the Defendant's discriminatory conduct the Plaintiff has suffered damages including past, present, and future lost wages, employment benefits that she would have received from continued employment, attorney fees, costs and expenses.

22. That the Court should enter judgment against the Defendant for all past, present, and future lost wages, employment benefits that she would have received from continued employment, reasonable attorney fees, and all costs and expenses, and all other relief the Court deems appropriate.

23. The Plaintiff demands a trial by jury.

**WHEREFORE** the Plaintiff demands a money judgment against the Defendant in the amount of $250,000.00 for past, present, and future lost wages, plus costs, attorney fees, and interest at a rate allowed by law and all other relief the Court deems just and equitable.

Date:  June 15, 2011

/s/Dale L. Putnam_____
**Dale L. Putnam        AT0006463
Putnam Law Office
801 Commerce Drive, Suite 1
P.O. Box 70
Decorah, Iowa 52101
Ph.  (563) 382-2984
Fax. (563) 382-8810
putlaw@putlaw.com
ATTORNEY FOR PLAINTIFF**

3